**United States District Court**
For the Northern District of California

1

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10

11   MALINKA TACUMA WADE MOYE,                          No. C 09-03899 WHA

            Plaintiff,
12
        v.
13
     MYRIAD VENTURES INC. D/B/A BAY        **ORDER TO SHOW CAUSE**
14   CAR STEREO,

15          Defendant.
                                                      /
16

17          On August 25, 2009, plaintiff Malinka Moye filed seven actions which were related

18   before the undersigned, including the above-captioned action.  The seven actions are as follows:

19          C-09-3892 WHA     Malinka Moye v. City and County of San Francisco
            C-09-3895 WHA     Malinka Moye v. Ratana Jiraittewanna
20          C-09-3896 WHA     Malinka Moye v. Red Oak Realty
            C-09-3897 WHA     Malinka Moye v. Lydia Dianne Baca and Rachale Young
21          C-09-3899 WHA     Malinka Moye v. Myriad Ventures Inc. d/b/a Bay Car Stereo
            C-09-3900 WHA     Malinka Moye v. La Donna Rewa Duncan
22          C-09-3902 WHA     Malinka Moye v. Lydia Dianne Baca

23          Plaintiff's complaints were barely comprehensible and clearly frivolous.  To the extent

24   they were understandable, they alleged an illegal transfer of an estate, false imprisonment,

25   robbery, attempted murder and/or conspiracy to commit murder, all aided by the San Francisco

26   courts, San Francisco Police Department, San Francisco Sheriff Department and Office of the

27   Public Defender, among others.  Plaintiff was ordered to show cause why each action should

28   not be dismissed.  Although he was given two chances, he did not file responsive answers.  The

1    actions were subsequently dismissed without leave to amend on November 16, 2009, and

2    judgments were entered.

3         Plaintiff has nevertheless continued to file incomprehensible and meritless motions,

4    declarations and other filings in these actions.  When they are denied, he files more motions

5    repeating the same frivolous claims.

6         In addition to the seven actions before the undersigned, plaintiff has filed at least 12

7    other actions in this district since April 2008, including:

8    | C-09-3893 MHP | Malinka Moye v. Derrick Collins, Vince Collins, et al. |
     | C-09-3898 EDL | Malinka Moye v. Big Nates Barbeque, et al. |
9    | C-09-3901 JCS | Malinka Moye v. Fidelity National Title Co. |
     | C-08-2051 PJH | Malinka Moye v. Vince Collins, et al. |
10   | C-08-2053 WHA | Malinka Moye v. La Donna Rewa Duncan |
     | C-08-2054 JL | Malinka Moye v. Nate Thurmond |
11   | C-08-2055 MEJ | Malinka Moye v. Jack Chew |
     | C-08-2056 PJH | Malinka Moye v. Ratana Jiraittewanna |
12   | C-08-2057 VRW | Malinka Moye v. Myriad Ventures Inc. d/b/a Bay Car Stereo |
     | C-08-2125 WHA | Malinka Moye v. Linda Brewer Stockdale |
13   | C-08-2124 SBA | Malinka Moye v. Lydia Baca |
     | C-08-2126 SBA | Malinka Moye v. City and County of San Francisco, et al. |

14        In each of these actions, plaintiff has sought to proceed *in forma pauperis*.  In many, his

15   application to proceed *in forma pauperis* was denied and the complaint was dismissed.  The

16   "facts" alleged in the complaints in each of the actions listed above have been no more than a

17   paragraph consisting of short, incomplete and incomprehensible sentences.  Additionally, the

18   complaints fail to provide enough information to determine if any basis for federal jurisdiction

19   exists.  Most of these actions alleged substantially similar or the same baseless claims as in the

20   seven actions filed on August 25 before the undersigned.

21        The e-filing docket of the San Francisco Superior Court lists plaintiff as a party in

22   approximately 80 actions of various types, filed beginning in March 2002.  Most of these

23   actions were filed by plaintiff, and many of the defendants have the same names as the

24   defendants in the actions filed in this district.  On August 11, 2006, in one of these actions,

25   *Malinka Moye v. Lydia Baca*, Case No. CGC-06-450461, plaintiff was declared a vexatious

26   litigant pursuant to California Code of Civil Procedure §§ 391.1, 391.3 and 391.7(a), and

27   ordered not to file any new litigation in any California state court without first obtaining leave

28   of court.

**United States District Court**
For the Northern District of California

2

United States District Court

For the Northern District of California

1  Federal courts have the inherent power to regulate the activities of vexatious litigants.

2  *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). Under the power of 28 U.S.C.

3  1651(a), courts may restrict litigants with abusive and lengthy histories from further filing. A

4  court may restrict such litigants' future filing of actions or papers provided that it (1) gives the

5  litigant an opportunity to oppose the order before it is entered, (2) creates an adequate record for

6  review, (3) makes substantive findings as to the frivolous or harassing nature of the litigant's

7  actions and (4) drafts a sufficiently tailored order. *Id.* at 1145–48.

8  Accordingly, plaintiff Malinka Moye must appear before this Court on **DECEMBER 17,**

9  **2009 AT 8:00 A.M.**, to respond to the following order to show cause. Additionally, plaintiff

10  must file a written response no later than **DECEMBER 10, 2009, AT NOON** addressing why

11  plaintiff should not be declared a vexatious litigant and barred from filing further papers in the

12  seven actions before the undersigned that began on August 25, or in new actions in the Northern

13  District of California against the same defendants or alleging substantially similar claims,

14  without pre-filing review.

15

16  **IT IS SO ORDERED.**

17

18  Dated: November 30, 2009.

19  WILLIAM ALSUP
   UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

3